UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GUILLERMO ALDACO, JR.,                     Civil No. 10-590 (JRT/LIB)

                Plaintiff,

v.                                         **ORDER ADOPTING THE REPORT
                                           AND RECOMMENDATION OF THE**
ERIC HOLDER, *U.S. Attorney General*,      **MAGISTRATE JUDGE**
JOHN GAEDE, *Case Manager*,
G. VILLREAL, *Unit Manager*, and
J. ISAACSON, *Counselor, et al.*,

                Defendants.

---

Guillermo Aldaco, Jr., #16040-047, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Ana H. Voss, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

This case is before the Court on the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 7, 2011. (Docket No. 39.) Plaintiff Guillermo Aldaco, Jr. ("Aldaco"), a federal prisoner incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, has asserted several claims including allegations that Defendants violated his due process and equal protection rights, that they engaged in a conspiracy to violate his constitutional rights, and that they retaliated against him. Specifically, Aldaco challenges his security classification, alleging that it was imposed in retaliation for his legal activities.

Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. (Docket No. 9.) Aldaco moved the Court to stay adjudication of the motion to dismiss and to compel discovery. (Docket No. 25.) The Magistrate Judge denied the motion to stay and compel discovery on the ground that a Rule 12(b)(6) motion for dismissal is based on the sufficiency of allegations in the complaint, not upon whether a party has produced sufficient evidence in support of the allegations. (Docket No. 27.) Aldaco subsequently requested that the Court re-open his motion to compel discovery. (Docket No. 31.) The Magistrate Judge denied this motion as well on the same basis. (Docket No. 35.) Aldaco did not appeal this order. On January 7, 2011, the Magistrate Judge issued a Report and Recommendation declining to convert Defendants' Rule 12(b)(6) motion into a motion for summary judgment and recommending that the Court grant Defendants' motion to dismiss. (Docket No. 39.)

The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which Aldaco objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. It appears that Aldaco's objections are based on his assertion that he requires further discovery to prove his claims. However, Aldaco did not timely appeal the Magistrate Judge's orders denying his motions to compel discovery. In any event, discovery was unnecessary for Aldaco to respond to Defendants' challenge to the sufficiency of Aldaco's **allegations**. In considering a motion to dismiss, courts "look **only to the facts alleged in the complaint** and construe those facts in the light most favorable to the plaintiff." *Riley v. St. Louis Cnty.*, 153 F.3d 627, 629 (8th Cir. 1998) (emphasis added). Aldaco is correct that discovery may be necessary in the context of a

summary judgment motion, but in this case, the Magistrate Judge decided not to convert Defendants' motion to dismiss into a summary judgment motion.

To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A *pro se* plaintiff is owed a liberal reading of his pleadings to account for his lack of legal training. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). However, his pleadings must still allege sufficient facts to meet the standards for the claims advanced. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

The Magistrate Judge appropriately limited its consideration to the facts in the complaint and those documents attached to the complaint, and concluded that Aldaco had not met his burden of stating a claim upon which relief can be granted. In his objections, Aldaco cites no factual allegations overlooked by the Magistrate Judge, nor does he challenge the conclusion that his allegations were insufficient. Accordingly, the Court dismisses Aldaco's complaint.

# ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 42] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 7, 2011 [Docket No. 39]. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 9] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 7, 2011                    \_\_\_\_s/ John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                    United States District Judge